UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEAVER GAMBLE,

    Plaintiff,

v.                                            Case No. 8:20-cv-428-T-27CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before me for consideration of *pro se* Plaintiff Beaver Gamble's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Application), which I construe as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). Also before me is Gamble's "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision." (Doc. 1). For the reasons discussed below, I respectfully recommend that Gamble's request to proceed *in forma pauperis* be denied without prejudice, and that she be granted leave to file an amended complaint.

I.

    Construing Gamble's complaint liberally, she appears to seek judicial review of Defendant Commissioner of Social Security's denial of her claim for Disability

Insurance Benefits (DIB) and/or Supplemental Security Income (SSI) pursuant to 42 U.S.C. § 405(g). *See generally* (Docs. 1-3). The thrust of her complaint seems to be that she did not receive a copy of the Administrative Law Judge's (ALJ) hearing decision and feels her due process rights have been violated as a result. *See id.* Gamble includes with her filings a Request for Review of Hearing Decision, which was apparently submitted to the Social Security Administration (SSA) on February 4, 2020. (Doc. 2 at 7).

In support of her claim of indigency, Gamble reports that she is homeless, receives $1,000 in monthly employment income from the Salvation Army, $104 per month in food stamps, and is largely "not sure" of her other assets or cash on hand. (Doc. 2).

II.

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant or deny an application to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004) (citation omitted). While such an application "need not show that the litigant is absolutely destitute," it must indicate "that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents."

*Id.* (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948) (internal quotation marks omitted)).

When an application to proceed *in forma pauperis* is filed, the district court must additionally review the case and dismiss the complaint *sua sponte* if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Bravo v. Loor-Tuarez*, 727 F. App'x 572, 575 (11th Cir. 2018) (citation omitted).[1]  As such, "[t]o avoid dismissal, the 'complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *petition for cert. denied*, 139 S. Ct. 807 (Jan. 7, 2019).  "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

In evaluating a plaintiff's complaint under this standard, the court must accept all well-pleaded factual allegations as true and construe them in the light most

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority.  11th Cir. R. 36-2.

3

favorable to the plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271-72 (11th Cir. 2018) (citation omitted). The court, however, "afford[s] no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin*, 738 F.3d at 1248 n.1 (citations omitted).

In addition, the Federal Rules of Civil Procedure provide that a court must dismiss an action "[i]f the court determines at *any time* that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Indeed, federal courts "are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (citation and quotation omitted); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject[-]matter jurisdiction at the earliest possible stage in the proceedings.").

Finally, although *pro se* pleadings are to be construed liberally, a district court is not to serve as *de facto* counsel for a *pro se* litigant, nor is it to "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (citation omitted).

### III.

While it appears from Gamble's Application that she likely qualifies as indigent, her Complaint is subject to dismissal because it fails to satisfy the threshold pleading requirements under the Federal Rules of Civil Procedure. It also does not appear that Gamble exhausted her administrative remedies prior to filing suit.

A.

Federal Rule of Civil Procedure 8 establishes "[t]he bare minimum a plaintiff must set forth in the complaint." *Hunter v. Woods*, 2017 WL 6610889, at *1 (M.D. Fla. Nov. 3, 2017). It requires, in relevant part, that a complaint contain both "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Rule 10 relatedly mandates that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b). Rules 8 and 10 "work together to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [she] is claiming and frame a responsive pleading, [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

Based on what Gamble has submitted here, she has not sufficiently apprised the Court or the Defendant of the basis of her claims, what relief she seeks, or whether the Court even has jurisdiction over her claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that a complaint must provide "fair notice of what [each] . . . claim is and the grounds upon which it rests") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Franklin*, 738 F.3d at 1250 ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them."). While it is apparent

that Gamble disputes some actions taken with respect to her disability application(s), it is not at all clear that she is requesting judicial review or simply seeking a copy of the ALJ's hearing decision.

B.

In light of the above pleading deficiencies, it is also not evident whether Gamble has exhausted her administrative remedies. Under 42 U.S.C. § 405(g), a claimant must satisfy two jurisdictional prerequisites to obtain judicial review of an agency decision. First, the individual must have presented a claim for benefits to the SSA. *Mathews v. Eldridge*, 424 U.S. 319, 328-29 (1976). Second, absent a waiver, the claimant must have exhausted her administrative remedies. *Crayton v. Callahan*,120 F.3d 1217, 1220 (11th Cir. 1997). To satisfy this latter requirement, a claimant must "proceed[] through all three stages of the administrative appeals process," including *de novo* reconsideration by the state agency of its initial determination, a hearing before an ALJ, and discretionary review by the Appeals Council. *Bowen v. City of New York*, 476 U.S. 467, 471-72, 482 (1986); *accord Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Only after a claimant has completed this administrative appeals process and the Commissioner has issued a final decision may the claimant then seek judicial review in federal court. 42 U.S.C. § 405(g).

In this case, Gamble's submissions do not reveal that she has completed the administrative process. To the contrary, as noted above, it appears that she only recently requested review of the ALJ's hearing decision and thus has not received a

6

final decision from the Commissioner. (Doc. 2 at 7). Nor does she provide any basis for the Court to conclude that the exhaustion requirement has been waived.

In light of the above, I find that dismissal of the complaint with leave to amend is appropriate. If Gamble elects to file an amended complaint, she should clearly articulate the facts underlying her claims, the relief she is seeking, and whether she has exhausted her administrative remedies.[2]

I also encourage Gamble to seek legal assistance and consult the resources that are available to *pro se* litigants. Gamble may obtain advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented federal court litigants the opportunity to solicit and obtain free, limited guidance from lawyers regarding the procedures governing federal cases. The rotating group of attorneys who staff this program are available on Tuesdays from 1:00 to 2:30 p.m. on the second floor of the Sam M. Gibbons Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.[3]

In addition, Gamble may visit the Middle District of Florida's resources for litigants without counsel,[4] which includes a "Guide for Proceeding Without a

---

[2] If she chooses, Gamble may again use Form Number Pro Se 13, Complaint for Review of a Social Security Disability or Supplemental Security Income Decision (available at https://www.uscourts.gov/forms/pro-se-forms/complaint-review-social-security-decision).

[3] A brochure containing further information about the program is available at https://www.flmd.uscourts.gov/sites/flmd/files/documents/mdfl-legal-information-program-tampa.pdf.

[4] https://www.flmd.uscourts.gov/litigants-without-lawyers

Lawyer." The Court's website also includes helpful links to the Federal Rules of Civil Procedure[5] as well as various forms for litigants to use.[6]

IV.

For the reasons outlined above, I recommend that the Court:

1. Deny Gamble's Application (Doc. 2) without prejudice;

2. Dismiss her complaint (Doc. 1) without prejudice;

3. Grant Gamble permission to file, within twenty (20) days of the Court's Order: (a) an amended complaint, which conforms to the pleading requirements of the Federal Rules of Civil Procedure and addresses the other deficiencies identified herein; and (b) a renewed request to proceed *in forma pauperis*, or pay the Clerk's filing fee; and

4. Direct that the failure to comply with these requirements may result in a dismissal of this action without further notice.

Respectfully submitted this 12th day of March 2020.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

---

[5] https://www.uscourts.gov/sites/default/files/cv_rules_eff._dec._1_2018_0.pdf
[6] https://www.flmd.uscourts.gov/forms/all

## **NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
Honorable James D. Whittemore, United States District Judge
*Pro se* Plaintiff